**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFFREY BEYST,

        Plaintiff,            CIVIL ACTION NO. 07-CV-10927-DT

 VS.                             DISTRICT JUDGE SEAN F. COX

PINNACLE AIRLINES,       MAGISTRATE JUDGE MONA K. MAJZOUB
INC.,
        Defendant.

                             /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO PROHIBIT FURTHER
COMMUNICATIONS AND TO STRIKE,
DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS,
AND GRANTING DEFENDANT'S MOTION TO COMPEL DEPOSITION AND
PRODUCTION OF DOCUMENTS**

This matter comes before the Court on three discovery motions. Plaintiff filed a Motion to Prohibit Further Communications Between Defendant and Plaintiff's Wife and to Strike her from Defendant's Witness List. (Docket no. 19). Defendant has responded to this motion. (Docket no. 30). Plaintiff also filed a Motion to Quash Subpoenas. (Docket no. 20). Defendant has responded to this motion. (Docket no. 25). Plaintiff filed a Reply brief. (Docket no. 28). Finally, Defendant filed a Motion to Compel Deposition and Production of Documents. (Docket no. 23). Plaintiff has responded to this motion. (Docket no. 29). These motions have been referred to the undersigned for decision. (Docket nos. 21, 27). The Court heard oral argument on these motions on March 3, 2008. These motions are now ready for ruling.

**I.    Facts**

Plaintiff alleges in this action that Defendant violated the Family and Medical Leave Act (FMLA) and committed caregiver responsibility/gender discrimination when it terminated his employment on September 7, 2006. (Docket no. 9). Plaintiff contends that at the time Defendant terminated his employment he was suffering from serious medical conditions including anxiety and depression, and had the responsibility of caring for his child. Plaintiff and his wife separated in June 2006, and Plaintiff's counsel stated during oral argument that Plaintiff's divorce is imminent. Plaintiff's wife delivered the couple's child in June 2006. Plaintiff alleges that his wife left him without warning a few weeks after the child's birth and took their child to Kentucky. The state family court appointed a psychologist, Dr. Bow, to provide a custody evaluation. Dr. Bow met with Plaintiff in September or October of 2006.

**II.    Standard**

Rule 26(b)(1), Fed. R. Civ. P., allows discovery of any matter not privileged that is relevant to a claim or defense of a party. Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Rule 45(c)(3)(A), Fed. R. Civ. P., allows a court to quash or modify a subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies.

**III.    Plaintiff's Motion To Prohibit Communication and To Strike His Wife as a Witness**

Plaintiff has moved to prohibit Defendant and its counsel from communicating with his wife, Julie Beyst, and to strike her as a witness at trial. He relies upon the Michigan spousal or testimonial privilege and the Michigan communication privilege. (Docket no. 19). The testimonial privilege prevents a spouse from testifying against the other spouse without consent except in certain types

2

of cases not at issue here. *People v. Vermeulen*, 438 N.W.2d 36 (Mich. 1989) (citing Mich. Comp. Laws § 600.2162). This privilege applies only when the witness and spouse are married at the time of the trial or other proceeding. (*Id.*).

The communication privilege bars one spouse from testifying as to any communication made by one to the other during the marriage without the consent of the other. (*Id.*). This privilege applies whether the testimony is sought during the marriage or afterward. (*Id.*). It protects only "confidential" communications. (*Id.*). A variety of factors, such as the nature of the message or the circumstances under which it was delivered, may serve to rebut a claim that confidentiality was intended. (*Id.*).

Defendant argues that Plaintiff and his wife will likely be divorced by the time of trial in this matter. Plaintiff's counsel stated during oral argument that the divorce is imminent. If Plaintiff's divorce becomes final before trial, the testimonial privilege would not bar his wife's testimony. The communication privilege would still apply after the marriage has ended. However, that privilege protects only confidential communications. Defendant convincingly argues that there is much non-confidential information that Plaintiff's wife may be able to relate such as the dates that Plaintiff traveled to Kentucky to see his child and comments that Plaintiff made regarding relevant matters in front of third parties. Under these circumstances, Plaintiff's motion that his wife be stricken as a witness is premature because their divorce could be final by the time of trial, and his wife could then testify about non-confidential communications. Plaintiff's motion to strike his wife as a witness will be denied without prejudice to it being raised at trial if Plaintiff and his wife are still married.

Similarly, Plaintiff's motion to bar communications between Defendant, its counsel, and Plaintiff's wife overreaches. The privileges upon which Plaintiff relies apply to testimony. Plaintiff

has not shown that his wife's communications with Defendant or its counsel outside of court is testimony and therefore subject to these privileges. Plaintiff's proposed ban may also prohibit communication concerning non-confidential matters which would be outside of the protection of the communication privilege. Therefore, Plaintiff's motion for the proposed ban will be denied.

**IV.     Plaintiff's Motion to Quash Subpoenas and Defendant's Motion to Compel**

Plaintiff seeks to quash a subpoena duces tecum and a deposition subpoena served on Dr. Bow by Defendant. (Docket no. 20, exs. A & D). Defendant seeks to compel Dr. Bow to attend a deposition and to produce the requested documents. (Docket no. 23). Dr. Bow has not filed any paper regarding these motions. Defendant's subpoena for records seeks "[a]ny and all documents, writing or things relating to the treatment of" Plaintiff. (Docket no. 20, ex. D). Dr. Bow refused to be deposed or to produce documents without an order from the state court which appointed him. Plaintiff argues that the subpoenas should be quashed because Dr. Bow merely evaluated Plaintiff and did not actually treat him, the testimony and records are subject to quasi-judicial immunity, and family court records are intended to be confidential by their nature and should not be made available to third parties. (Docket no. 20). Defendant argues that the requested information is relevant to this action. It contends that any statements Plaintiff made about his health condition to Dr. Bow are relevant to his claim that he was suffering from such a serious health condition under the FMLA when he was terminated.

Defendant has shown that information relating to Plaintiff's claimed serious health conditions is relevant in this action. Dr. Bow's records will likely lead to the discovery of such information. Plaintiff, on the other hand, has not shown that the records of Dr. Bow are privileged or otherwise protected from discovery under Fed. R. Civ. P. 45(c)(3)(A). Plaintiff relies on authority

4

finding that court-appointed psychologists who perform evaluations for the court are immune to negligence actions related to that evaluation. *See Diehl v. Danuloff*, 618 N.W.2d 83 (Mich. Ct. App. 2000). However, Plaintiff has failed to provide any authority finding that a court-appointed psychologist's records are not discoverable or that the psychologist should not be deposed. Plaintiff also fails to cite any authority for his assertion that family court records are intended to be confidential. Moreover, even confidential matters are subject to discovery and may be protected by protective orders.

The scope of Defendant's request for records is very broad, however. It will likely produce records other than those relating to Plaintiff's claimed serious health conditions. Therefore, pursuant to Rule 26(b)(2)(C), the Court will limit Dr. Bow's production of documents to those documents relating to Plaintiff's mental and medical condition(s).

Finally, as to the timing of Dr. Bow's deposition (and the deposition of Julie Beyst as discussed during the March 3, 2008 hearing), these two depositions shall be properly noticed by the respective parties on or before March 11, 2008, and both shall be completed on or before March 21, 2008.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Prohibit Further Communication and to Strike (docket no. 19) is **DENIED**, except that the Motion to Strike is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Subpoenas (docket no. 20) is **DENIED.**

5

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Deposition and Production of Documents (docket no. 23) is **GRANTED** as set forth above and the production of documents is limited to those documents relating to Plaintiff's medical and mental condition(s).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 05, 2008          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 05, 2008          s/ Lisa C. Bartlett
                               Courtroom Deputy